IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:25-cv-78

| | |
|---|---|
| THE VILLAGE ON THE GREEN CONDOMINIUM OWNERS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationwide Mutual Insurance Company ("Nationwide"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Watauga County, to the United States District Court for the Western District of North Carolina. In support thereof, Nationwide states as follows:

1. This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Watauga County, on April 14, 2025, under the name and style of *The Village on the Green Condominium Owner's Association v. Nationwide Mutual Insurance Company*, 25-CVS-149. Because Watauga County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. Plaintiff held a Business Owner's Insurance Policy with Nationwide (the "Policy", number ACP BPHM2286215435, which was in effect from July 25, 2021 to July 25, 2022 (*See* a true and accurate copy of the Policy, attached as **Exhibit 1**).

3. On April 14, 2025, Plaintiff issued the Summons and Complaint to Nationwide.

4. Nationwide received copies of the Civil Summons and Complaint from the Plaintiff on April 29, 2025 (*See* a true and accurate copy of Nationwide's Notice of Service of Process, attached as **Exhibit 2**). Accordingly, Nationwide's time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the Summons and Complaint).

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Nationwide.

### I. Complete Diversity of Citizenship Exists

6. According to the Complaint, Plaintiff is a citizen of North Carolina.

7. Nationwide is a corporation organized and existing under the laws of the State of Ohio and has its principal office located in Columbus, Ohio. Therefore, Nationwide is a citizen of Ohio.

8. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

9. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The Complaint alleges that Nationwide breached its contract with Plaintiff and as a result, it has suffered contractual damages in excess of $25,000.00. (*See* Plaintiff's Complaint at ¶ 39).

11. Plaintiff's Complaint also states that the "conduct of [Nationwide] constitutes unfair claims settlement practices that violate one or more of the subparts of N.C.G.S. § 58-63-15(11) and Unfair & Deceptive Trade Practices in violation of Chapter 75 of the North Carolina General Statutes…" (*See id.* at ¶ 41).

12. Plaintiff alleges that it suffered damages in an amount equal to the benefits due under the Policy as well as additional damage to be proven at trial and alleges that it is entitled to treble damages under the Unfair and Deceptive Trade Practices count. (*See id.* at ¶¶ 49-50; Prayer for Relief ¶¶ 1-2).

13. Plaintiff further alleges bad faith against Nationwide in that Nationwide "refused to pay the full amount of the loss after recognition of a valid claim" and alleges that it is entitled to recover punitive damages in the "maximum amount permitted by law." (*See id.* at ¶¶ 53-55).

14. When determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); *see also Saval v. BL Ltd.*, 710

3
Case 5:25-cv-00078-KDB-SCR   Document 1   Filed 05/14/25   Page 3 of 6

F.2d 1027, 1033 (4th Cir. 1983). In addition, Plaintiff's claim of common law bad faith and alleged entitlement to punitive damages, may also be considered when calculating the amount in controversy. *Id.*

15. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

16. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

17. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

18. Pursuant to 28 U.S.C. § 1446(a), the summons is attached as **Exhibit 3,** and the Complaint is attached as **Exhibit 4**. No other pleadings, process, or orders have been served upon Nationwide in this action.

19. All documents associated with Case No. 25-CVS-149 of which Defendant is aware are attached hereto.

20. Nationwide reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

21. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Watuaga County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 14th day of May, 2025.

*signature*

Rachel E. Keen (N.C. Bar No. 27777)
Andrew K. Sonricker (N.C. Bar No. 55224)
Danya K. Nayfeh (N.C. Bar No. 59673)
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite, 3500
Charlotte, North Carolina 28202
Telephone: (704) 444-2977
Facsimile: (704) 331-4979
Email: rachel.keen@wbd-us.com
       andrew.sonricker@wbd-us.com
       danya.nayfeh@wbd-us.com

*Attorneys for Nationwide*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on May 14, 2025, she served a copy of the foregoing **NOTICE OF REMOVAL** via mail to:

Robert H. Jessup
Howard Stallings Law Firm
Post Office Box 12347
Raleigh, North Carolina 27605
Phone: 919-821-7700

*Attorney for Plaintiff*

Danya K. Nayfeh, (N.C. State Bar No. 59673)
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite, 3500
Charlotte, North Carolina 28202
Telephone: (704) 444-2977
Facsimile: (704) 331-4979
Email: danya.nayfeh@wbd-us.com

*Attorney for Defendant*